UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT CAWTHON,

                Plaintiff,

-against-

LISHUANG,

                Defendant.

22-CV-7381 (JGLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

    This motion for default judgment was referred to Magistrate Judge Cave for a Report and Recommendation. *See* ECF No. 22. In the Report and Recommendation filed on July 19, 2024, Judge Cave recommended that the motion be denied for lack of personal jurisdiction over Lishuang and that this action be dismissed without prejudice. ECF No. 26 ("R&R").

    In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and

recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R at 34. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). On August 2, 2024, Plaintiff filed objections to the Report and Recommendation. *See* ECF No. 29 ("Obj.").

The Court has reviewed the motion, the Report and Recommendation, and Plaintiff's objections, and finds the Report and Recommendation to be well-reasoned and grounded in fact and law.

The Court further finds that none of Plaintiff's objections have merit. First, Plaintiff objects to Judge Cave's determination that personal jurisdiction is not established through the Digital Millennium Copyright Act ("DMCA"). Obj. at 4–5. The R&R explains that "[c]ourts in this Circuit have at times found that a foreign defendant's affirmative consent to jurisdiction in a DMCA counter-notification is sufficient to establish personal jurisdiction," but also notes cases in which courts have found such consent insufficient to establish personal jurisdiction. R&R at 12. Regardless, in this case, Defendant did not affirmatively consent to the jurisdiction of this Court in its DMCA counter-notification. *Id.* at 13. Plaintiff admits as much. *See* Obj. at 4–5. And yet, Plaintiff argues, without citing to a single case, that this Court should find Defendant subject to this Court's jurisdiction pursuant to the DMCA because it would be unfair to Plaintiff and "set

2

a dangerous precedent." *Id.* This unsupported argument, however, does not justify the Court exercising jurisdiction over Defendant.

Second, Plaintiff disputes Judge Cave's holding that Plaintiff "has not asserted any basis other than the DMCA for personal jurisdiction over Lishuang," and argues that the Court has jurisdiction over Defendant under New York's long arm statute because Defendant operates an interactive website through which consumers can purchase products in New York. *See* Obj. at 6–8. This argument is meritless.

"To establish jurisdiction under [New York's long-arm statute], Plaintiff must allege that: (1) Defendant has 'transacted business' in New York, and (2) the claim asserted arises from that business activity." *Guglielmo v. JEGS Auto., Inc.*, No. 20-CV-5376 (LJL), 2021 WL 1026168, at *3 (S.D.N.Y. Mar. 17, 2021) (quoting *Eades v. Kennedy PC L. Offs.*, 799 F.3d 161, 168 (2d Cir. 2015)).

Here, Plaintiff fails to allege that Defendant has transacted business in New York. "Operating a website that may be accessed from New York, without more, does not bring the operator within jurisdiction of New York courts." *Camacho v. Vanderbilt University*, 18-CV-10694 (KPF), 2019 WL 6528974, at *3 (S.D.N.Y. Dec. 4, 2019). The Court therefore lacks personal jurisdiction over Defendant. *See Guglielmo v. JEGS Auto., Inc.*, No. 20-CV-5376 (LJL), 2021 WL 1026168, at *4 (S.D.N.Y. Mar. 17, 2021). ("The fact that a New York consumer can purchase products from a company's website, without evidence that the consumer actually did make such purchases, does not alone establish personal jurisdiction.") (collecting cases); *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 364 (S.D.N.Y. 2020) ("Without allegations that there was purposeful availment of New York, such as through actual sales to New York or even

perhaps active solicitation of the New York market, it cannot be said that a defendant 'transacted business' under N.Y. C.P.L.R. § 302(a)(1) so as to satisfy personal jurisdiction.").

Accordingly, the Court ADOPTS the Report and Recommendation and DISMISSES this action without prejudice for lack of personal jurisdiction.

The Clerk of Court is directed to terminate to close the case.

Dated: September 16, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge